SHORES, Justice
(concurring specially).
The majority opinion states that both the trial court and the Court of Civil Appeals stated and applied an erroneous standard in this workers’ compensation death benefits ease. The majority states: “The standard is not whether ‘such exposure was a direct and proximate cause of Employee’s terminal illness,’ as stated by the trial court, but whether such exposure was a contributing cause of the employee’s illness and resultant death.” 636 So.2d at 403.
I believe that this statement is susceptible to a reading that we are changing the standard, but this is not the intention of the majority. I would follow the statutes and the precedents in our workers’ compensation cases that set forth the standard.
The existing standard for proving occupational disease is set out in the definition of “occupational disease” in § 25-5-110(1):
“A disease arising out of and in the course of employment, other than occupational pneumoconiosis and occupational exposure to radiation as defined in articles 5 and 7, respectively, of this chapter, which is due to hazards in excess of those ordinarily incident to employment in general and is peculiar to the occupation in which the employee is engaged but without regard to negligence or fault, if any, of the employer. A disease (including, but not limited to, loss of hearing due to noise) shall be deemed an occupational disease only if caused by a hazard recognized as peculiar to a particular trade, process, occupation or employment_ The term‘occupational disease’ shall not include accidents within the meaning of articles 3, 5, and 7 of this chapter.”[1]
Under this statutory definition of “occupational disease,” the plaintiff must establish both legal and medical causation. The legal causation test is set forth in City of Tuscaloosa v. Howard, 55 Ala.App. 701, 318 So.2d 729, 732 (Ala.Civ.App.1975), and is quoted in Hyster Co. v. Chandler, 461 So.2d 828, 832 (Ala.Civ.App.1984):
“It appears that the proper test was set out in Pow v. Southern Construction Co., [235 Ala. 580, 180 So. 288 (1938),] ... which we paraphrase as follows: If in the performance of the duties for which he is employed an employee is exposed to a danger or risk materially in excess of that to which people not so employed are exposed, and an injury occurs, such injury may legally be determined to have arisen from his employment and be an accident under the statute.”
Medical causation is proved by evidence that the employment contributed to or aggravated the disease:
“The medical causation test as set forth in Howard is the following: ‘[S]ueh exposure, though operating with or upon other exposure common to all, was in fact, a contributing cause of the injury. Howard, 318 So.2d [at] 732.”
Hyster Co., 461 So.2d at 832-33.
Our cases have explained the element of proof necessary, as follows:
“[T]here [should] be evidence that plaintiff has a disease which may be directly caused by or result from, exposure over a period of time to a hazard recognized as peculiar to the normal working conditions of his particular occupation. There must be further evidence that plaintiffs disease was in fact contracted from the nature of his employment or was aggravated thereby, and that the contraction or aggravation arose out of and in the course of his employment. It then must be shown that the disability claimed resulted from the disease.”
Hyster Co., 461 So.2d at 831, quoting City of Tuscaloosa v. Howard, 55 Ala.App. 701, 707, 318 So.2d 729, 734 (Ala.Civ.App.1975). (Emphasis added in Hyster.)

. This statute is quoted as it read before it was amended slightly in 1992, effective May 19, 1992. The death in this case took place in 1988.